No. 05-0505

FILED

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

2005 SEP 21 ℙ 1:58
SEP 1 9 2005

In re: JAMES P. LUNDSFORD,                    )        U.S. CIRCUIT COURT
                                              )        EASTERN . . .
                                              )                LEONARD GREEN, Clerk
Petitioner.                                   )        ORDER        ℳℒℴℂℒℰℛℋ
                                              )
                                              )                      A TRUE COPY
                                                                     Attest:
                                                                     LEONARD GREEN, Clerk
                                                                     By _____
                                                                               Deputy Clerk

Before: KENNEDY, CLAY, and GIBBONS, Circuit Judges.

In this antitrust action, the plaintiff seeks permission under Fed. R. Civ. P. 23(f) to appeal
the district court's denial of certification of a plaintiff class. The defendants oppose the petition.

Rule 23(f) provides that the "court of appeals may in its discretion permit an appeal from an
order of a district court granting or denying class action certification . . . ." This court recognizes a
"broad discretion to grant or deny a Rule 23(f) petition" and that "any pertinent factor may be
weighed in the exercise of that discretion." *In re Delta Airlines*, 310 F.3d 953, 959 (6th Cir. 2002).
In this regard, there is no hard-and-fast test in support of an immediate appeal. *Id.* Although the
courts of appeals have wide discretion to consider any relevant factor, appeals are not to be routinely
accepted under Rule 23(f). *Id.* at 959. A case may be especially appropriate for an interlocutory
appeal if the certification decision has a "death-knell" effect; *i.e.* the if grant of a plaintiff class
propels the litigation into a high-stakes game such that the defendant is more likely to settle than
litigate, or if the denial of a plaintiff class discourages the individual plaintiff from continuing due
to the expense of litigation. *Id.* at 960. In such a case, the petitioner should also show some
likelihood of success in overturning the class certification decision. *Id.*

The plaintiff suggests that in the absence of a class, he and "tens of thousands of other consumers – whose individual damages are not nearly substantial enough to justify spending what it will cost to litigate this case through trial and appeal – have no meaningful redress . . . ." But *In re Delta* suggests that the death-knell factor applies to the individual plaintiff, not "tens of thousands of other consumers." That is, the "plaintiff should demonstrate to the court of appeals why he or she could not pursue the individual claim . . . ." *In re Delta*, 310 F.3d at 960. Such a demonstration has not been made, and in fact there is some suggestion that plaintiff's counsel will continue the case, whether as a class matter or on an individual basis.

The district court concluded that the plaintiff had not demonstrated the adequacy of his representation and that a class action could not be sustained under Rule 23(b)(2) or (b)(3). We are not convinced that the district court's ruling calls for the exceptional relief of an interlocutory appeal. *See In re Delta*, 310 F.3d at 960 (deferential standard of review in certification decisions supports the notion that Rule 23(f) appeals are the exception, not the norm).

Therefore, the petition for permission to bring an interlocutory appeal under Rule 23(f) is **DENIED**.

ENTERED BY ORDER OF THE COURT

Clerk