IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES P. LUNDSFORD, | ) | |
| Plaintiff | ) | |
| v. | ) | No. 3:04-cv-442 |
| CALLAWAY GOLF COMPANY, *et al.*, | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

This is an anti-trust action based on allegations of price fixing resulting from plaintiff's purchase of a set of "Big Bertha Hawkeye Irons" from Wynn's Sporting Goods in Sevierville, Tennessee, in November 2000. Previously this court denied plaintiff's application for class certification and the remaining claim is simply an individual claim based on plaintiff's purchase. Currently pending is the defendants' motion for an order *in limine* prohibiting plaintiff from introducing or mentioning (1) any evidence relating to any dealings between Callaway Golf and any other retailer other than Wynn's Sporting Goods or (2) any dealings between Callaway Golf and Wynn's Sporting Goods after the November 2000 sale to plaintiff [Court File #91]. For the reasons that follow, the motion *in limine* will be denied.

The allegations of plaintiff's complaint are that the defendants and participating golf club dealers have engaged in a conspiracy to violate the Sherman Act. Plaintiff alleges that the conspiracy was effectuated, in part, through agreements between the defendants and independent retailers. Plaintiff alleges that the NPIP is effective because of the coercion imposed upon those retailers by the defendants if the NPIP is not adhered to by a retailer. The crux of plaintiff's lawsuit is that the defendants engaged in a pattern of anti-competitive conduct which was applied to Wynn's, as well as to other retailers. I am of the opinion that evidence of defendants' agreement with retailers other than Wynn's may tend to establish the existence of such anti-competitive conduct. In addition, evidence of the defendants' conduct with respect to Wynn's after the plaintiff made his purchase of golf clubs may also tend to establish the existence of that anti-competitive conduct.

I am of the opinion that, at least at this point, that evidence may be admissible under Rules 401 and 403, Federal Rules of Evidence. Accordingly, defendants' motion *in limine* [Court File #91] is hereby DENIED.

**E N T E R :**

                                              *s/ James H. Jarvis*
                                        UNITED STATES DISTRICT JUDGE